IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERALD COLLINS # 489616, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-01345 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| JOSHUA CUNNINGHAM, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gerald Collins, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se complaint against Sergeant Joshua Cunningham, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also has filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2).

The Court must resolve the filing fee before moving to the required screening of the prisoner complaint.

## I. FILING FEE

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. No. 2), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Trousdale Turner Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Section 1983 Standard

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured

by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### B. Facts Alleged in the Complaint

The allegations of the complaint are assumed true for purposes of the required PLRA screening. The complaint incorporates an attached "Statement of Facts," which the Court also considers. (*See* Doc. No. 1-1.)

Plaintiff is permanently confined to a wheelchair. On January 29, 2024, in the chow hall of the Trousdale Turner Correctional Center, Plaintiff was in a wheelchair pushed by another prisoner, David Cathey, who Plaintiff refers to as his "pusher." (Doc. No. 1-1 at 1). Cathey obtained meal trays for both himself and Plaintiff. Sergeant Cunningham told Cathey to go to the back of line. (Doc. No. 1 at 3). Plaintiff told Sergeant Cunningham that Cathey was his pusher, and Cathey left to obtain drinks for himself and Plaintiff. (Doc. No. 1-1 at 1). Sergeant Cunningham took Cathey's tray and handed it to another inmate. (*Id.*) Plaintiff tried to give his tray to Cathey, but Sergeant Cunningham grabbed the tray, spilled the food, grabbed the back of Plaintiff's neck, and pushed him down in the chair. (*Id.*) Plaintiff was not resisting and would have had difficulty resisting. (Doc. No. 1 at 4). Nevertheless, Defendant's hand "was on the back of Plaintiff's neck choking him that Plaintiff almost passed out, while Defendant searched Plaintiff." (*Id.* at 3). Sergeant Cunningham took Plaintiff and Cathey outside the chow hall and screamed obscenities at him. Miss Hughes, a family advocate, observed what was happening and asked Defendant to "stop treating [Plaintiff] that way." (*Id.*) Defendant responded, "Mind your own

business." (*Id.*) The complaint alleges that, before Defendant used excessive force against Plaintiff, Defendant "was made aware of the spine injury that confined Plaintiff to the wheelchair." (*Id.* at 4).

The next morning, Plaintiff awoke with neck and back pain. He attempted to go to sick call, but it was closed so he went the following day. The nurse said that, because Plaintiff was already on pain medication and muscle relaxers, the nurse could not give Plaintiff anything else for his pain.[1] The complaint seeks unspecified compensatory and punitive damages.

**C. Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The complaint names one Defendant: Sergeant Joshua Cunningham. He is sued in his individual capacity only. (*See* Doc. No. 1 at 2). Plaintiff alleges that Sergeant Cunningham used excessive force against Plaintiff on January 29, 2024, in violation of Plaintiff's Eighth Amendment rights.

Under the Eighth Amendment, which applies to convicted prisoners such as Plaintiff (*see id.*), an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the

---

[1] An attachment to the complaint also alleges that, on previous unspecified occasions, Defendant Cunningham placed Plaintiff in a non-handicapped vehicle for transport during which Plaintiff "had to hold from or against someone else to avoid falling sideways or frontwards." (*See* Doc. No. 1-1 at 1). The attachment does not state the dates on which those transports allegedly occurred. The complaint itself does not mention these allegations or appear to set forth claims related to them. If Plaintiff wishes to pursue claims related to these allegations, he will need to file a Motion to Amend his complaint and, if granted permission to do so, submit an amended complaint providing more details about these incidents, including the dates on which they occurred.

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The Sixth Circuit has acknowledged that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id.* (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 581 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" *Cordell*, 759 F.3d at 581 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8.

Based on the allegations in the complaint, the Court finds that Plaintiff states a colorable Eighth Amendment claim under Section 1983 against Defendant Cunningham in his individual capacity based on his alleged use of excessive force against Plaintiff on January 29, 2024, in and around the chow hall. These allegations warrant further factual development.

### III. CONCLUSION

Having conducted the screening of the complaint required by the PRLA, the Court finds that the excessive force claim against Defendant Cunningham in his individual capacity states a colorable claim under Section 1983. This action shall proceed.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on Defendant. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE