# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **GERALD COLLINS** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-01345** |
| | ) | |
| **JOSHUA CUNNINGHAM** | ) | |

**TO:   Honorable Eli J. Richardson, United States District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered September 17, 2025 (Docket Entry No. 7), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that this action be **DISMISSED WITHOUT PREJUDICE** for lack of service of process upon the sole defendant.

Gerald Collins ("Plaintiff") is an inmate of the Tennessee Department of Correction.   On November 13, 2024, he filed this lawsuit, seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights alleged to have occurred at the Trousdale Turner Correctional Center. Specifically, Plaintiff alleges that Joshua Cunningham ("Defendant"), a correctional sergeant at the facility, used excessive force against him in violation of the Eighth Amendment.

Upon the Court's initial review of the complaint, the Court found that Plaintiff stated an arguable constitutional claim against Defendant and directed that process issue to Defendant in the case. Although Plaintiff returned a complete service packet for Defendant and process was

attempted on him at the Trousdale Turner Correctional Center, process was returned unexecuted on December 2, 2025, with a notion "nobody employed by that name." *See* Docket Entry No. 11.

By Order entered February 13, 2026 (Docket Entry No. 12), the Court notified Plaintiff of the failed attempt at service of process and directed him to provide, by no later than March 31, 2026, a new address for service of process upon Defendant. Plaintiff was advised that the case would be dismissed without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure if Defendant could not be served with process. To-date, Plaintiff has not provided a new address for service of process upon Defendant. Nor has Plaintiff otherwise responded to the Court's Order.

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

More than 90 days have passed since a summons was issued but Defendant has not been served with process. Because the time frame permitted under Rule 4(m) for obtaining service of process upon Defendant has lapsed, the plain language of Rule 4(m) requires that the case be dismissed without prejudice.

2

# R E C O M M E N D A T I O N[1]

For the reasons set out above, it is respectfully **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed **within fourteen (14) days** after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides a second notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action under Rule 4(m) because of the lack of timely service, and the fourteen-day period for filing objections provides him with the opportunity to show good cause for why dismissal is not warranted.

3