IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GERALD COLLINS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | NO. 3:24-cv-01345 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| JOSHUA CUNNINGHAM, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 13, "R&R") of the

Magistrate Judge, which recommends that the Court dismiss this action without prejudice for lack

of service of process upon the sole defendant in this action, Joshua Cunningham. No objections to

the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the factual and procedural background (regarding the underlying

circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R,

the Court adopts that background in its entirety and includes it immediately below for reference:

> Gerald Collins ("Plaintiff") is an inmate of the Tennessee Department of
> Correction. On November 13, 2024, he filed this lawsuit, seeking relief under 42
> U.S.C. § 1983 for alleged violations of his federal constitutional rights alleged to
> have occurred at the Trousdale Turner Correctional Center. Specifically, Plaintiff
> alleges that Joshua Cunningham ("Defendant"), a correctional sergeant at the
> facility, used excessive force against him in violation of the Eighth Amendment.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who
authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file
any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff,
Gerald Collins, the Court is willing to extend this 14-day deadline by three days to allow time for filings to
be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on April
13, 2026, and as of May 15, 2026, Plaintiff has not filed any objections.

Upon the Court's initial review of the complaint, the Court found that Plaintiff stated an arguable constitutional claim against Defendant and directed that process issue to Defendant in the case. Although Plaintiff returned a complete service packet for Defendant and process was attempted on him at the Trousdale Turner Correctional Center, process was returned unexecuted on December 2, 2025, with a notion "nobody employed by that name." *See* Docket Entry No. 11.

By Order entered February 13, 2026 (Docket Entry No. 12), [Plaintiff was notified] of the failed attempt at service of process and directed him to provide, by no later than March 31, 2026, a new address for service of process upon Defendant. Plaintiff was advised that the case would be dismissed without prejudice in accordance with Rule 4(m) of the Federal Rules of Civil Procedure if Defendant could not be served with process. To-date, Plaintiff has not provided a new address for service of process upon Defendant. Nor has Plaintiff otherwise responded to the [] Order.

(Doc. No. 13 at 1-2). The Magistrate Judge concluded that this action should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service of process.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2

(M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 13) is adopted and approved. Accordingly, this action is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE